UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :
BERNICE HULL,                                       :
                                                    :                    OPINION
                            Plaintiff,              :
        -against-                                   :
                                                    :                    13-cv-08106 (NSR)
NYACK HOSPITAL,                                     :
                            Defendant.              :
-------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

      Plaintiff Bernice Hull ("Plaintiff") brings this action pursuant to pursuant to Title VII of

the Civil Rights Act of 1964 ("Title VII) and the Age Discrimination in Employment Act of

1967 ("ADEA"), 29 U.S.C. §§ 621–634. Defendant Nyack Hospital ("Defendant") moves to

dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for failure to state a claim. For the following

reasons, Defendant's motion is GRANTED.

## I.    Background

      On November 7, 2013, Plaintiff filed this complaint against Defendant, alleging

violations of Title VII, the ADEA, and the New York State Human Rights Law ("NYSHRL").

(Compl. at 1.) Plaintiff is a 64-year-old African-American woman who worked as a credentials

coordinator for Nyack Hospital from November 1, 2010 to March 2, 2012. Defendant is a non-

profit corporation located in Nyack, New York. (Def.'s Br. at 1.)

      On February 17, 2011, Plaintiff received a review from her supervisor whereby she

achieved expectations in most categories, except "responsiveness" due to her attendance or

lateness. (Decl. of Dustin E. Stark, Ex. B.) In November 2011, Plaintiff filled out a survey

administered by Defendant's Human Resources Department measuring Plaintiff's job

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/11/2014

satisfaction level. *Id*. Plaintiff noted that she was mostly satisfied with the different aspects of her

position. *Id*. Additionally, Plaintiff marked that she had experienced a hostile work environment.

*Id*. Subsequently, on November 11, 2011, Plaintiff received a review from her supervisor

indicating that her overall performance needed improvement. *Id*. On November 21, 2011,

Plaintiff was placed on a 90 day performance improvement plan. *Id*. On March 2, 2012, Plaintiff

was terminated by Defendant due to Plaintiff's violations of hospital policy and her

unsatisfactory job performance. (Decl. of Dustin E. Stark, Ex. C, NYSDHR Determination at 1.)

On February 28, 2013, Plaintiff filed a complaint with the NYSDHR. *Id*. On August 27,

2013, after investigating the allegations in Plaintiff's complaint, the NYSDHR issued a

determination dismissing all claims, finding that there was "no probable cause" to believe that

Defendant engaged or was engaging in the unlawful discriminatory practice complained of.

(Decl. of Dustin E. Stark, Ex. C, NYSDHR Determination at 1.) Specifically, the NYSDHR held

that evidence gathered during the course of the investigation was insufficient to support

Plaintiff's allegations that she was terminated from her employment based on her race or age. *Id*.

Plaintiff filed this Complaint on November 7, 2013. Defendant's motion to dismiss was

served on May 19, 2014. Plaintiff has not opposed Defendants' motion to dismiss to date.

Defendant's motion to dismiss was filed without opposition on July 2, 2014. Therefore, the

Court will determine the motion to dismiss based on Plaintiff's Complaint and Defendant's

motion papers.

**II.      Motion to Dismiss Legal Standard**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the

complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. (quoting *Twombly*, 550 U.S. at 555. It is not necessary for the complaint to assert "detailed factual allegations," but must allege "more than labels and conclusions." *Twombly*, 550 U.S at 555. The facts in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*.

A claim is "properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). "When jurisdiction is challenged, the plaintiff bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists." *Id.* (citing *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir. 1996)). When "the case is at the pleading stage and no evidentiary hearings have been held ... [a court] must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Conyers v. Rossides,* 558 F.3d 137, 143 (2d Cir. 2009) (internal citations and quotations omitted; brackets and ellipses added). However, "in adjudicating a motion to dismiss for lack of subject-matter jurisdiction, a district court may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." *State Employees Bargaining Agent Coalition v. Rowland,* 494 F.3d 71, 77, n.4 (2d Cir. 2007).

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL

3357171 (S.D.N.Y. July 3, 2013).  The court should read *pro se* complaints "'to raise the strongest arguments that they suggest,'" *Kevilly v. New York,* 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (quoting *Brownell v. Krom,* 446 F.3d 305, 310 (2d Cir. 2006)); *see also Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009) ("even after *Twombly*, though, we remain obligated to construe a pro se complaint liberally."). "However, even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  Dismissal is justified, therefore, where "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

"In deciding an unopposed motion to dismiss, a court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. . . . Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y .2007) (quoting *McCall v. Pataki*, 232 F.3d 322 (2d Cir. 2000)).

## III.    Discussion

### A. Plaintiff Failed to Timely File a Charge with the NYSDHR

Under Title VII and the ADEA, a charge must be filed within 180 days of the date when the alleged unlawful employment practice occurred, or within 300 days where the employee

4

initially filed a complaint with a state agency. 42 U.S.C. §2000e-5(e)(1); 29 U.S.C. §626; *accord Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102, 122 (2002). A plaintiff will lose the ability to recover for succeeding retaliatory or discriminatory acts even though they may be related to the timely filed acts. *Id*. Strict adherence to Title VII's filing requirement guarantees equal administration of the law. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 102; *see also Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). Various discrete discriminatory or retaliatory acts include claims based on termination, failure to promote, denial of transfer, or refusal to hire. *See McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010). Conversely, a claim alleging a hostile work environment will not be time barred as long as one alleged acts falls within the required time period and the ensuing acts are related to the timely filed act. *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 122; *McGullam*, 609 F.3d at 75. In discrimination cases "the illegal act is often the decision to terminate the employee, and the limitations period begins to run on the date that the employer gives definite notice of that decision to the employee." *Flaherty v. Metromail Corp.*, 235 F.3d 133, 137 (2d Cir. 2000); *see also Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980); *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981). Therefore, the time for filing a claim with the EEOC starts running on the date when the employee receives definite notice of the termination. *Riddle v. Citigroup*, 449 F. App'x 66, 69 (2d Cir. 2011).

In New York, a plaintiff typically has 300 days after the alleged discriminatory act to file a charge with either the EEOC or the NYSDHR. *Harris v. City of N.Y.*, 186 F.3d 243, 248 n.2 (2d Cir. 1999); *see also* Age Discrimination in Employment Act of 1967, § 7(d)(2), 29 U.S.C. § 626(d)(2); *Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 562 (2d Cir. 2006) aff'd, 552 U.S. 389, (2008); *Heller v. Consol. Rail Corp.*, 331 F. App'x 766, 768 (2d Cir. 2009); *Hodge v. New York Coll. of Podiatric Med.*, 157 F.3d 164, 166 (2d Cir. 1998) (describing the EEOC filing

requirements for ADEA Claims—New York is a deferral state where "an ADEA plaintiff must file an EEOC charge within the earlier of 300 days after the alleged unlawful practice or, if a complaint was filed with the state agency, 30 days after receiving notice of termination of proceedings under state law.").[1] Under a Work Sharing Agreement between the EEOC and the NYSDHR, the NYSDHR has been designated as an agent of the EEOC for the receipt of charges; for purposes of the statute of limitations, the date of filing with the NYSDHR is identical with the date for filing with the EEOC. *See Govia v. Century 21, Inc.*, 140 F. Supp. 2d 323, 325 n.1 (S.D.N.Y. 2001); *Favia v. New York City Bd. of Educ.*, No. 99 CIV. 4608 (DLC), 2000 WL 1229885, at *2 (S.D.N.Y. Aug. 29, 2000).

Here, termination of Plaintiff's employment falls within the scope of a discrete act. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114 (noting that "discrete acts such as termination . . . are easy to identify."). Plaintiff's termination occurred on March 2, 2012, thus Plaintiff's 300 day filing requirement commenced on that very day. Plaintiff's filing deadline concluded on December 27, 2012. Plaintiff did not file a complaint with the NYSDHR, who acted as an agent of the EEOC, until February 28, 2013, after the filing deadline of December 27, 2012 had passed. Furthermore, because the discriminatory act occurred on the date of discharge, Plaintiff may not assert that her termination was "tentative" and "nonfinal" until the NYSDHR rendered its decision on August 27, 2013. *See Andrews v. Atlantic Marine, Inc.*, 2005 WL 2665345 (S.D. Ala. 2005) (quoting *Electrical Workers v. Robbins & Meyers, Inc.*, 429 U.S. 229, 234 (1976) ("an employee asserted that his complaint was timely filed because the date 'the alleged unlawful employment practice occurred' was the date after the conclusion of a grievance arbitration procedure, rather than the

---

[1] *Nat'l R.R. Passenger Corp.*, 536 U.S. at 101-102 ("In a State having an entity authorized to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice . . . .") 42 U.S.C. § 2000e–5(e)(1).

earlier date of his discharge." The court held that "the discriminatory act occurred on the date of discharge—the date that the parties understood the termination to be final.")).

In Plaintiff's complaint, she asserts that she was retaliated against after filling out a survey for Defendant's Human Resources Department in November 2011. Plaintiff filled out this survey, alleging that she was subjected to a hostile work environment. Plaintiff's allegations of retaliation occurred more than 300 days before she filed a complaint with the NYSDHR on February 28, 2013. *See Nat'l R.R. Passenger Corp.*, 536 U.S.at 114 (finding that "each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"). Therefore, Plaintiff's claim of unlawful termination in violation of Title VII is dismissed as untimely.

Plaintiff's allegations of a hostile work environment all predate her termination. Plaintiff makes no allegations that the hospital committed any unlawful act against her after the date of termination, indicating no hostile work environment had occurred within 300 days of Plaintiff's complaint with the NYSDHR. Plaintiff can only file a charge in regards to discrete acts that "occurred" within the appropriate time period. Furthermore, in order to bring a timely hostile work environment claim, Plaintiff must assert that at least one claim occurred within the filing period. *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 122. Accordingly, Plaintiff's hostile work environment claim is also dismissed as untimely.

Plaintiff's ADEA claims are untimely. As the NYSDHR is a designated agent of the EEOC, the date of Plaintiff's filing with the NYSDHR, which occurred on February 28, 2013, is identical to the date of filing with the EEOC. Under the ADEA, Plaintiff must file an EEOC charge within 300 days after the alleged unlawful practice, or 30 days after receiving notice of termination of proceedings under a state law. *Hodge*, 157 F.3d at 166. Plaintiff's only two

allegations of discrimination are (1) termination, and (2) retaliation. Plaintiff's termination occurred on March 2, 2012; thus, Plaintiff must file a charge by December 27, 2012, which is 300 days later. Plaintiff filed her complaint with the NYSDHR almost a year and a half after the alleged retaliation. Moreover, Plaintiff received notice of the NYSDHR's termination of proceedings on August 27, 2013. The statutory requirement of 30 days would have ended on September 6, 2013 and Plaintiff failed to commence this action until November 7, 2013. Therefore, the Court dismisses Plaintiff's ADEA claims due to untimeliness.

### B. Plaintiff did not obtain a Right to Sue Letter from the EEOC

A plaintiff must first receive a right-to-sue letter from the EEOC before bringing a Title VII action. Civil Rights Act of 1964, § 706(f)(1), 42 U.S.C. § 2000e-5(f)(1); *see also McPherson v. New York City Dep't of Educ.*, 457 F.3d 211 (2d Cir. 2006). Plaintiff admits in her complaint that the EEOC never issued Plaintiff a "Notice of Right to Sue" letter, barring Plaintiff's Title VII claim from litigation before this court. (Compl. at 4.)

Unlike Title VII, the ADEA does not require a party to receive a right-to-sue letter from the EEOC before filing suit in federal court. *Compare* 29 U.S.C. § 626(d)-(e) *with* 42 U.S.C. § 2000e-5(e)-(f). Under § 626(d)-(e), "ADEA plaintiffs may file suit in court at any time from 60 days after filing the EEOC charge until 90 days after the plaintiff receives notice from the EEOC that the EEOC proceedings are terminated." *Hodge v. New York College of Podiatric Medicine*, 157 F.3d 164, 166 (2d Cir. 1998). The ADEA's time limit requirements are subject to equitable modification or estoppel but these requirements are not to be disregarded by courts out of sympathy for particular litigants. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); *Holowecki*, 440 F.3d at 563. Plaintiff failed to timely file a charge with the EEOC or NYSDHR and thus her ADEA claims are barred.

### C. *Plaintiff's State Law Claims*

Because the Court dismisses all of Plaintiff's federal claims on motion, the Court declines to exercise supplemental jurisdiction over Plaintiff's separate state law claims. These claims raise only issues of state law, and are appropriately litigated in the Courts of New York State by appealing the NYSDHR determination to the Supreme Court of the State of New York. *See* 28 U.S.C. § 1367(c)(3). All state claims are hereby dismissed.

### IV.   Conclusion

Accordingly, Defendant's motion to dismiss is GRANTED. The Clerk of the Court is respectfully requested to terminate Docket No. 13 and to close this case.

Dated: July 11, 2014                                    SO ORDERED:

White Plains, New York

NELSON S. ROMÁN
United States District Judge